IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMERICAN LENDER SERVICING LLC,

       Plaintiff,                    No. 2:12-cv-01483 WBS KJN PS

     v.

NAQIB SHOKOOR,

       Defendant.               <u>ORDER</u>

/

        On June 26, 2012, plaintiff filed a motion to remand this unlawful detainer action to the California Superior Court for the County of San Joaquin ("Superior Court") (Dkt. No. 6).[1] Along with that motion, plaintiff filed an "Application for Ex Parte Consideration" of its motion to remand, which seeks the expedited resolution of plaintiff's motion because: (1) an unlawful detainer trial in the Superior Court is presently set for July 13, 2012; and (2) "there has been no payment of the underlying debt for years." (Ex Parte Appl. ¶ 1, Dkt. No. 6, Doc. No. 6-3.)

        The court denies plaintiff's ex parte application. Taking plaintiff's asserted grounds for ex parte relief in reverse order, plaintiff simply has not provided legal authority, or any other authority, supporting the proposition that the mere non-payment of an underlying debt

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

is a sufficient ground for ex parte relief on a motion to remand involving a pro se defendant.

Although plaintiff's representations regarding the July 13, 2012 unlawful detainer trial present a more legitimate basis for ex parte relief, the logistics of resolving the motion to remand disfavor granting ex parte relief. First, because defendant is proceeding without counsel, the undersigned must resolve plaintiff's potentially dispositive motion to remand—whether considered on an ex parte basis or via regularly noticed motion—by proposed findings and recommendations that include a 14-day objection period, a 14-day response period, and a de novo review by the district judge assigned to this case. See Local Rule 304. Thus, even assuming that the undersigned finds plaintiff's motion meritorious and files findings and recommendations today recommending that this matter be remanded to the Superior Court, it is extremely improbable that this case would be remanded to the Superior Court prior to July 13, 2012. Second, in light of defendant's pro se status, the undersigned is inclined to provide defendant with an opportunity to oppose the motion to remand. Accordingly, plaintiff's ex parte application is denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's "Application for Ex Parte Consideration" of its motion to remand is denied.

2. Plaintiff's motion to remand shall be heard on July 26, 2012, subject to submission on the briefs and record.

3. Defendant shall file a written opposition or statement of non-opposition to the motion to remand on or before July 12, 2012.

4. Plaintiff may file a reply brief on or before July 19, 2012.

IT IS SO ORDERED.

DATED: June 28, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE