1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    AMERICAN LENDER SERVICING
      LLC,
11
                    Plaintiff,                No. 2:12-cv-01483 WBS KJN PS
12
            v.
13
      NAQIB SHOKOOR,
14
                    Defendant.                ORDER and FINDINGS AND
15                                             RECOMMENDATIONS
      _____/
16

17            Presently before the court is plaintiff's motion to remand this unlawful detainer

18    action to the Superior Court of California for the County of San Joaquin ("Superior Court") (Dkt.

19    No. 6).[1]  This case was removed by Nina Qutan, who is not a named defendant, and although it is

20    not clear, defendant Naqib Shokoor appears to have signed the Notice of Removal.  (Notice of

21    Removal at 6.)  Neither Qutan not Shokoor filed an opposition to the motion to remand.  Because

22    oral argument would not materially aid the resolution of the pending motion, this matter is

23    submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local

24    Rule 230(g).  Having reviewed the filings in this case, the undersigned recommends that

25    _____

26          [1] This action proceeds before this court pursuant to Eastern District of California Local Rule
      302(c)(21) and 28 U.S.C. § 636(b)(1).

                                              1

1   plaintiff's motion to remand be granted and that this case be remanded to the Superior Court.

2   I.     <u>BACKGROUND</u>

3           On March 12, 2012, plaintiff filed a verified unlawful detainer complaint in the

4   Superior Court, naming Naqib Shokoor as the only defendant.[2]  (Compl. at 1, attached to Notice

5   of Removal.)  Plaintiff seeks to recover possession of the subject residential property located in

6   Tracy, California.  (<u>See</u> Compl. ¶¶ 2, 12-13.)  The complaint alleges that plaintiff is the owner of

7   the property, having purchased the property "upon foreclosure against the defaulting defendants."

8   (<u>Id.</u> ¶¶ 2, 6-7 & attached Trustee's Deed Upon Sale.)  Plaintiff alleges that it perfected title in

9   itself.  (<u>Id.</u> ¶ 8.)  According to the Notice of Removal filed by Qutan, "Defendant Naqib Shokoor

10   was the former owner of the premises."  (Notice of Removal ¶ 2.)

11           Plaintiff alleges that it served a written notice to quit the premises on defendant,

12   and that the notice to quit expired on February 20, 2012.  (Compl. ¶¶ 9-11 & attached "Three

13   Day Notice to Quit.")  Plaintiff alleges that defendant failed to timely vacate and deliver

14   possession of the property and continues to possess and occupy the property.  (<u>Id.</u> ¶¶ 11-12.)

15           While this case was proceeding in the Superior Court, Qutan intervened by filing

16   a Prejudgment Claim of Right to Possession ("Claim Form").  (Notice of Removal ¶ 3 &

17   attached "Prejudgment Claim of Right to Possession.")  Qutan's Claim Form alleges that she has

18   a "written rental agreement with the landlord."  (Claim Form at 2.)  Qutan asserts that by filing

19   the Claim Form, she is a proper defendant who could remove this case to federal court.  (Notice

20   of Removal ¶¶ 3, 17.)

21           On June 1, 2012, Qutan removed this unlawful detainer action to federal court

22   pursuant to 28 U.S.C. § 1441, asserting that this court has subject matter jurisdiction over

23   plaintiff's claim on the basis of federal question jurisdiction, <u>see</u> 28 U.S.C. § 1331.  (Notice of

24

25        [2]  A portion of the complaint not critical to the resolution of the pending motion appears to
have been mis-copied such that the complaint attached to the Notice of Removal is missing part of

26   paragraph 13 and the paragraphs that follow, if any.

1   Removal at 1, and ¶ 5.)  Specifically, Qutan asserts that this court has federal question

2   jurisdiction based on the "'Protecting Tenants at Foreclosure Act 2009,' 12 U.S.C. § 5220, note,"

3   and contends that plaintiff failed to provide her with a sufficient 90-day notice to quit as required

4   by that legislation.  (See Notice of Removal ¶¶ 6-7, 9, 13.)  As noted above, although nothing in

5   the Notice of Removal clearly indicates that defendant joined in or consented to the removal, it

6   appears that defendant signed the Notice of Removal.[3]  (Notice of Removal at 6.)

7           On June 26, 2012, plaintiff filed an ex parte application to remand this case to the

8   Superior Court, and the court subsequently set a hearing date and briefing schedule in regards to

9   plaintiff's motion.  (Order, June 28, 2012, Dkt. No. 7.)  Neither defendant nor Qutan filed a

10  timely written opposition or statement of non-opposition in regards to the motion to remand, in

11  violation of this court's Local Rule 230(c).

12  II.   LEGAL STANDARDS

13          In relevant part, the federal removal statute provides:

14          (a) Except as otherwise expressly provided by Act of Congress, any civil
            action brought in a State court of which the district courts of the United
15          States have original jurisdiction, may be removed by the defendant or the
            defendants, to the district court of the United States for the district and
16          division embracing the place where such action is pending. . . .

17  28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

18  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert.

19  denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal

20  jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right

21  of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102,

22  1106 (9th Cir. 2010) (citation and quotation marks omitted).

23

24          [3]  A general rule referred to as the "rule of unanimity" provides that "all defendants must
        consent to or join in a removal" of a case to federal court.  Atl. Nat'l Trust LLC v. Mt. Hawley Ins.
25      Co., 621 F.3d 931, 933 (9th Cir. 2010); accord Proctor v. Vishay Intertechnology Inc., 584 F.3d
        1208, 1225 (9th Cir. 2009); see also 28 U.S.C. § 1446(b)(2)(A).  Because plaintiff has not raised
26      any defect in removal premised on the rule of unanimity, the undersigned presumes that defendant
        joined in the removal and does not further address the rule of unanimity.

                                                3

1        Additionally, a federal court has an independent duty to assess whether federal

2   subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors

3   Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

4   court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,

5   whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,

6   342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a

7   district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms

8   Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.,346 F.3d 1190, 1192 (9th Cir. 2003)

9   (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.

10  1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the

11  district court lacks subject matter jurisdiction, the case shall be remanded.").

12  III.   DISCUSSION

13       In a rather terse and lightly supported motion to remand, plaintiff argues three

14  bases for remand.  First, plaintiff argues that this court lacks subject matter jurisdiction over

15  plaintiff's unlawful detainer claim, although plaintiff does not brief the question of jurisdiction in

16  any great detail.  Second, plaintiff argues that Qutan could not remove this case because she has

17  not provided enough details about the nature of her rental arrangement with Shokoor.  Plaintiff

18  provides no legal authority for the proposition that such lack of detail about a rental arrangement

19  is a proper basis for remanding a case to state court.  Finally, plaintiff argues that the court should

20  abstain from hearing this case on the basis of the so-called "Colorado River Doctrine."[4]  For the

21  reasons that follow, the undersigned concludes that even assuming Qutan was a party entitled to

22  remove this case to federal court, this court lacks subject matter jurisdiction over plaintiff's

23  claim.  The undersigned does not reach plaintiff's remaining arguments.

24  _____

25  [4]  The Colorado River doctrine, a narrow doctrine announced in Colorado River Water
    Conservation District v. United States, 424 U.S. 800 (1976), permits a federal court to stay or
    dismiss an action essentially on the grounds of wise judicial administration or efficiency.  See also
26  R.R. Street & Co. v. Transport Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011).

1    District courts have federal question jurisdiction over "all civil actions that arise

2  under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises

3  under' federal law either where federal law creates the cause of action or 'where the vindication

4  of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican

5  Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

6  (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he

7  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

8  rule,' which provides that federal jurisdiction exists only when a federal question is presented on

9  the face of the plaintiff's properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091; see

10 also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the

11 existence of federal question jurisdiction is determined from the face of the complaint.").  "In

12 determining the existence of removal jurisdiction, based upon a federal question, the court must

13 look to the complaint *as of the time the removal petition was filed*.  Jurisdiction is based on the

14 complaint as originally filed . . . ."  Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th

15 Cir. 2002) (citation and quotation marks omitted).

16    Here, plaintiff filed its complaint in the Superior Court asserting a single claim for

17 unlawful detainer premised solely on California law.  Because a claim for unlawful detainer does

18 not by itself present a federal question or necessarily turn on the construction of federal law, no

19 basis for federal question jurisdiction appears on the face of the Complaint.  See, e.g., U.S. Bank

20 Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010)

21 (unpublished) (concluding that a single claim for unlawful detainer under state law does not

22 provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV

23 S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished)

24 (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL

25 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-

26 CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

1        Despite the fact that Qutan and defendant failed to oppose plaintiff's motion to

2   remand, the undersigned briefly addresses the suggestion in the Notice of Removal that this court

3   has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate

4   the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No.

5   111-22, § 702, 123 Stat. 1660 (2009) (the "Act").  Insofar as Qutan's argument is concerned, the

6   Act provides protections to tenants who reside in properties subject to foreclosure, including the

7   requirement that a 90-day notice to vacate be given to bona fide tenants.  See SD Coastline LP v.

8   Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010)

9   (unpublished).

10       Federal courts have consistently rejected attempts to premise federal subject

11  matter jurisdiction on the 90-day notice provision provided in the Act.  See, e.g., Parkland Sec.,

12  Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18,

13  2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished);

14  Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D.

15  Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan

16  Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29,

17  2010) (unpublished).  Such rejection is based on the fact that an argument relying on the Act's

18  notice provision is an attempt to premise this court's subject matter jurisdiction on a defense or a

19  counterclaim.  An anticipated defense or counterclaim cannot establish a federal question

20  because such a defense or counterclaim does not appear on the face of the complaint.[5]  See

21  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot

22  "rest upon an actual or anticipated counterclaim"); accord Takeda v. Nw. Nat'l Life Ins Co., 765

23

24          [5]  Additionally, federal district courts have concluded that the Protecting Tenants at
    Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to
25  state courts.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS,
    2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA,
26  Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010)
    (unpublished).

1    F.2d 815, 822 (9th Cir. 1985); <u>see also</u> <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1075 (9th Cir.

2    2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court,

3    even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.");

4    <u>SD Coastline LP</u>, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's

5    claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a

6    basis for removal jurisdiction).

7            In short, no federal question is present on the face of plaintiff's Complaint.

8    Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over

9    plaintiff's single claim for unlawful detainer brought pursuant to California law.

10   IV.    <u>CONCLUSION</u>

11           As stated above, IT IS HEREBY ORDERED that plaintiff's motion to remand is

12   submitted without a hearing, and the July 26, 2012 hearing on plaintiff's motion is VACATED.

13           For the reasons stated above, IT IS HEREBY RECOMMENDED that:

14           1.      Plaintiff's motion to remand (Dkt. No. 6) be granted and that this matter

15   be remanded to the Superior Court of California, County of San Joaquin.

16           2.      This case be closed and all dates vacated.

17           These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

19   days after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> E. Dist. Local Rule 304(b).

21   Such a document should be captioned "Objections to Magistrate Judge's Findings and

22   Recommendations."  Any response to the objections shall be filed with the court and served on

23   all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

24   ////

25   ////

26   ////

1  Failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

3  1153, 1156-57 (9th Cir. 1991).

4                     IT IS SO ORDERED and RECOMMENDED.

5  DATED:  July 17, 2012

6

7

                                   KENDALL J. NEWMAN

8                                     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26